Michael Lee
Morrison & Lee LLP
1801 Century Park East
25th Floor
Los Angeles, CA 90067
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OTTER PRODUCTS, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>BLUE POINT SOLUTIONS NY LLC; MATKAL LLC; YOSEF YOSSI ZAK-LIKOWSKI; "JOHN DOES" 1-10; and UNKNOWN ENTITIES 1-10;<br><br>                    Defendants. | CASE NO.<br><br>**COMPLAINT** |

Plaintiff Otter Products, LLC ("Otter Products") through its attorneys complaining of Blue Point Solutions NY LLC; Matkal LLC; Yosef Yossi Zak-Likowski; "John Does" 1- 10; and Unknown Entities 1-10 (hereinafter collectively referred to as "Defendants") hereby alleges as follows:

## STATEMENT OF THE CASE

1. This is a suit by Otter Products against Defendants for: (i) counterfeiting and infringement of registered trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; and (ii) unfair competition, false designation of origin and false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

2. This action concerns the distribution of of merchandise bearing counterfeits and infringements of Otter Products' federally registered trademarks in the United States. As

described more fully below, Defendants have conspired knowingly and intentionally to distribute and sell counterfeit merchandise. By doing so, Defendants have willfully infringed Otter Products' valuable trademarks, creating a strong likelihood of confusion among consumers who expect that merchandise bearing Otter Products' trademarks will be genuine Otter Products product and causing both monetary and other irreparable injury to Otter Products and the public.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

4. Defendants are subject to the Court's jurisdiction because they have committed the acts complained of herein in this District and do business in this District.

5. Defendants are subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7. Plaintiff Otter Products is a limited liability company duly organized and existing under the laws of the State of Colorado, and having its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

8. Upon information and belief, defendant Blue Point Solutions NY LLC ("Blue Point") is a limited liability company duly organized and existing under the laws of the State of Delaware that is authorized to do business in the State of New York and having its principal place of business located at 111 Hempstead Turnpike, West Hempstead, NY 11552.

9. Upon information and belief, defendant Matkal LLC ("Matkal") is a limited liability company duly organized and existing under the laws of the State of Delaware that is authorized

to do business in the State of New York and having its principal place of business located at 111 Hempstead Turnpike, West Hempstead, NY 11552.

10. Upon information and belief, defendant Yosef Yossi Zak-Likowski ("Yosef") is an individual residing at 2220 Avenue O, Brooklyn, NY 11210.

11. Upon information and belief, Yosef maintains a financial interest in and the right and ability to control the businesses operated of Blue Point and Matkal.

12. The identities of "John Does" 1-10 and Unknown Entities 1-10 are not currently known to Otter Products. Upon information and belief, they are associated with Defendants and have contributed to Defendants' unlawful activities. Otter Products will use its best efforts to identify these "John Does" and Unknown Entities, and upon further knowledge and investigation, Otter Products will amend its pleadings accordingly.

## FACTUAL ALLEGATIONS

### A. Otter Products' Famous Products and Trademarks

13. Otter Products began with the entrepreneurial vision of its founder, Curt Richardson. An injection molder by trade, Richardson designed the first "OtterBox" in 1995. The first OtterBox was a durable waterproof box used to keep electronics dry while participating in water sports such as diving or surfing. However, through iterative design changes, what started as a waterproof box evolved into a line of functional, durable, and award-winning personal electronics cases. Today, Otter Products' OtterBox® cases stand as one of the best-selling brands of mobile phone and tablet cases worldwide, with cases for a broad variety personal electronics.

14. For nearly two decades, Otter Products has marked its OtterBox® brand products with a set of trademarks that have come to symbolize a profound company heritage, entrepreneurial spirit, and superior craftsmanship. This reputation started with the design of the first OtterBox® in 1995, and has since expanded into a robust global marketplace. From its prescient inception

to its products' establishment as a household name, Otter Products has expended great amounts of time, money, and effort advertising and promoting its OtterBox® trademarks globally, including throughout the United States and in this District. As a result of these investments and its widespread success, Otter Products has developed considerable goodwill and a reputation for the highest quality products. Otter Products has continuously used its trademarks to distinguish its OtterBox® products and uphold this reputation.

15. Otter Products is the owner of various trademarks registered with the United States Patent and Trademark Office ("USPTO") and has filed copies of and recorded the certificates of registration for many of these trademarks with the Secretary of the United States Bureau of Customs and Border Protection ("Customs") in accordance with Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a), and Section 42 of the Lanham Act, 15 U.S.C. § 1124. Such trademarks include, but are not limited to the following, among others:

| Trademark | USPTO Registration Number | Registration Date | Goods |
|---|---|---|---|
| OTTER BOX | 2287619 | 10/19/1999 | IC 028. US 022 023 038 050. G & S: non-metal, water-tight containers for outdoors recreational use. |
| OTTER BOX | 3788535 | 05/11/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| OTTERBOX | 4509483 | 04/08/2014 | IC 042. US 100 101. G & S: Providing a website featuring news and commentary in the field of mobile technology. |
| **OTTERBOX** | 4602221 | 09/09/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for handheld electronic devices, namely, cell phones, portable media players, tablets, personal digital assistants, e-book readers, and computers; protective covers and cases for computers. |
| OTTERBOX | 4451386 | 12/17/2013 | IC 035. US 100 101 102. G & S: On-line retail store services featuring protective covers and cases for personal electronic devices, namely, cell phones, portable media players, tablets, e-book readers, and computers. |
| DEFENDER SERIES | 4616874 | 10/07/2014 | IC 009. US 021 023 026 036 038. G & S: Protective covers and cases for personal electronic devices, namely, cell phones. |
| DEFENDER SERIES | 3623789 | 05/19/2009 | IC 009. US 021 023 026 036 038. G & S: Protective cases for interactive, handheld electronic devices, namely, portable music players, portable video players and tablet computers. |

| | | | |
|---|---|---|---|
| (otter image) | 3791318 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| (Otter Box logo) | 4293603 | 02/19/2013 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| COMMUTER | 3791317 | 05/18/2010 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, portable music players, portable video players, cell phones and computers; specially adapted protective carrying cases for computers. |
| COMMUTER SERIES | 3963182 | 05/17/2011 | IC 009. US 021 023 026 036 038. G & S: Protective cases for handheld electronic devices, namely, multifunctional mobile phones, portable music players, portable video players and computers. |

(hereinafter collectively referred to as the "Otter Products Registered Trademarks").

16. The Otter Products Registered Trademarks are valid, in full force and effect, protectable and exclusively owned by Otter Products. Otter Products has continuously used the Otter

Products Registered Trademarks during all time periods relevant to Otter Products' claims. As a result, the Otter Products Registered Trademarks have become incontestable pursuant to 15 U.S.C. § 1065.

17. The Otter Products Registered Trademarks have been used regularly in interstate commerce, including within this District, to identify and distinguish Otter Products' high quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

18. Due to the overwhelming amount of resources exhausted by Otter Products in order to create, protect, enforce, and promote the Otter Products Registered Trademarks, the Otter Products Registered Trademarks have achieved secondary meaning as identifiers of high quality merchandise including, but not limited to, dirt resistant mobile phone cases, dirt resistant tablet cases, shock resistant mobile phone cases, shock resistant tablet cases, drop resistant mobile phone cases, drop resistant tablet cases, mobile phone accessories, tablet accessories, and other goods.

19. The Otter Products Registered Trademarks are recognized around the world and throughout the United States by consumers as signifying authentic, high quality OtterBox® products. As such, the Otter Products Registered Trademarks qualify as famous marks as the term is used in 15 U.S.C. § 1125(c)(1) and achieved such fame prior to Defendants' conduct that is the subject of this Complaint.

**B. Defendants' Illegal Activities**

20. Upon information and belief, Defendants are offering for sale, selling, and using in interstate commerce merchandise bearing counterfeits and infringements of the Otter Products

Registered Trademarks (the "Infringing Products").

21. Defendants are the distributors of a large amount of merchandise branded as Otter Products and have a vast knowledge of Otter Products and are therefore willful infringers of the Otter Products Registered Trademarks causing irrespirable harm to Otter Products and the unsuspecting public who are being defrauded into purchasing illegal merchandise.

22. Defendants have been offering for sale and selling merchandise branded as Otter Products on the www.eBay.com website ("eBay") and www.Amazon.com website ("Amazon") at severely discounted prices causing Otter Products to investigate these sales.

23. On or about August 8, 2018, Otter Products purchased on Amazon an "Otter Box Defender Series Case for iPhone X (Only) – Black" for $24.36 from the Amazon seller known as "Blue Point" (the "Purchase"). This case normally retails for $49.95. This extreme discount is proof of Defendants' knowledge that the products it sold were counterfeit and further evidences Defendants' willful infringement of the Otter Products Registered Trademarks.

24. On or about August 13, 2018, Otter Products received the Purchase via the United States Postal Services delivery. The return address on the package for the Purchase indicates that it was shipped by "Matkal LLC, 111 Hempstead Turnpike, 3rd Floor, West Hempstead, NY 11552." Based on this common address, it is apparent that Defendants are working together in their unlawful conspiracy to sell illicit Infringing Products.

25. Subsequently, Otter Products reviewed the Purchase and confirmed that the Purchase was not authentic Otter Products merchandise and did, in fact, bear counterfeits and infringements of the Otter Products Registered Trademarks.

26. Previously, in or about 2015, Otter Products made a purchase from an eBay seller named "sayermatkal". The return address on this purchase was Yosef's home address of 2220 Avenue O, Brooklyn, NY 11210. Defendants own and are associated with this eBay account. This eBay

account contains numerous negative feedback including four (4) entries complaining about the poor quality of the Infringing Products that Defendants are selling. More specifically, one user claims that "sayermatkal" is selling "not authentic otter box" (sic). Defendants have continued selling despite specifically being put on notice by their customers that the Infringing Products they are selling are not authentic, further evidencing their willfulness.

27. Upon information and belief, Yosef is the controlling force behind Matkal, Blue Point, and the "sayermatkal" eBay account and is directly involved with the distribution of Infringing Product and is directly liable for the act alleged herein.

28. Defendants' offer for sale and sale of the Infringing Products into the United States constitutes an illegal use in commerce of the Otter Products Registered Trademarks in connection with the sale, offering for sale, or distribution of the Infringing Products.

29. The Infringing Products offered for sale and sold by Defendants was not manufactured, authorized, or sponsored by Otter Products. Thus, consumers will be confused and disappointed by the differences between the Infringing Products distributed by Defendants and the genuine Otter Products merchandise manufactured and sold by Otter Products or its affiliates.

30. As a result of Defendants' actions, Otter Products is losing profits from lost sales of genuine product, is suffering a loss of enormous goodwill created in its Otter Products Registered Trademarks, and will continue to suffer such loss if Defendants are allowed to continue their illegal activity.

31. Upon information and belief, Defendants have knowingly and willfully engaged in their illicit activities in direct violation of Otter Products' rights and/or have shown a blatant disregard for the same. For these reasons, this qualifies as an exceptional case under 15 U.S.C. § 1117(a).

32. Otter Products has suffered irreparable injury as a direct and proximate result of

Defendants' wrongful distribution of the Infringing Products.

33. Otter Products has no adequate remedy at law.

34. Defendants' unlawful acts will undoubtedly persist without judicial intervention. As such, Defendants must be restrained and enjoined from further violating Otter Products' well-established rights in and to the Otter Products Registered Trademarks.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

35. Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 34.

36. Defendants have knowingly, intentionally, and without the consent of Otter Products used in commerce reproductions, counterfeits, and/or copies of the Otter Products Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Otter Products Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Otter Products despite the fact that it is not.

37. Defendants' use of the counterfeit marks was willful and done with the knowledge that the marks are counterfeit, and as such, Defendants' acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Defendants' acts constitute use in commerce of the Otter Products Registered Trademarks.

39. For the aforementioned reasons, Otter Products is entitled to: (a) damages for all of Defendants' profits derived from their unlawful conduct and/or Otter Products' lost profits from sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under

Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act; and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

40. Otter Products has no adequate remedy at law for Defendants' ongoing wrongful conduct. Otter Products has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**SECOND CLAIM FOR RELIEF**
**(Trademark Infringement, 15 U.S.C. §1114)**

41. Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 34.

42. Defendants have knowingly, intentionally, and without the consent of Otter Products used in commerce reproductions, counterfeits, and/or copies of the Otter Products Registered Trademarks in connection with the sale, offering for sale, distribution, or advertising of goods covered by USPTO registrations for the Otter Products Registered Trademarks. Such use is likely to: cause confusion or mistake or deceive consumers; cause consumers to believe Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Otter Products despite the fact that it is not.

43. Defendants' use of the infringing marks was willful and done with the knowledge that the marks are infringing, and as such, Defendants' acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

44. Defendants' acts constitute use in commerce of the Otter Products Registered Trademarks.

45. For the aforementioned reasons, Otter Products is entitled to: (a) damages for all of

Defendants' profits derived from their unlawful conduct and/or Otter Products' lost profits from sales of genuine goods due to Defendants' conduct to the full extent provided under Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and (b) reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

46. Otter Products has no adequate remedy at law for Defendants' ongoing wrongful conduct. Otter Products has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

**THIRD CLAIM FOR RELIEF**
**(Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. §1125(a))**

47. Otter Products hereby realleges and incorporates by reference all prior allegations as set forth in Paragraphs 1 through 34.

48. Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Otter Products Registered Trademarks constitutes use in commerce of false designations of origin and false and misleading descriptions and representations that Defendants' counterfeit merchandise is affiliated with, sponsored by, authorized or approved by, or is otherwise associated with Otter Products despite the fact that it is not. As a result of Defendants' unauthorized use of the Otter Products Registered Trademarks, the public is likely to be misled and confused as to the source, sponsorship, or affiliation of Defendants' counterfeit merchandise.

49. Defendants' sale, offering for sale, distribution, or advertising of goods bearing the Otter Products Registered Trademarks constitutes unfair competition as it is intended to cause confusion and deceive consumers and trades upon the established reputation and goodwill of Otter Products.

50. Defendants' conduct is willful, intended to reap the benefit of Otter Products'

established goodwill, and violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), all to the severe detriment of Otter Products.

51. Defendants' acts entitle Otter Products to damages for all of Defendants' profits derived from their past unlawful conduct and/or for all of Otter Products' lost profits from lost sales of genuine goods due to Defendants' conduct, trebled, to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. §1117(a)-(b), or in the alternative to statutory damages under Section 35(c) of the Lanham Act, 15 U.S.C. §1117(c).

52. Otter Products has no adequate remedy at law for Defendants' ongoing wrongful conduct. Otter Products has been, and absent injunctive relief will continue to be, irreparably harmed by Defendants' actions.

## PRAYER FOR RELIEF

**WHEREFORE,** Otter Products respectfully requests that the Court order the following relief:

I.   That the Court enter an injunction ordering that Defendants, their agents, servants, employees, and all other persons in privity or acting in concert with them be enjoined and restrained from:

   a)   using any counterfeit or infringement of the Otter Products Registered Trademarks to identify any goods not authorized by Otter Products;

   b)   counterfeiting or infringing the Otter Products Registered Trademarks by importing, manufacturing, distributing, selling, offering for sale, advertising, promoting, displaying any products bearing any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks;

   c)   using any simulation, reproduction, counterfeit, or copy of the Otter Products Registered Trademarks in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Otter Products, or to any goods sold, manufactured, sponsored or approved by, or connected with Otter Products,

    d)    making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendants are in any way associated or connected with Otter Products;

    e)    engaging in any other conduct constituting an infringement of the Otter Products Registered Trademarks, of Otter Products' rights in, or to use or to exploit, said trademark, or constituting any weakening of Otter Products' name, reputation and goodwill.

    II.    That Defendants be required to deliver to Otter Products for destruction all unauthorized materials bearing any of the Otter Products Registered Trademarks in association with unauthorized goods and the means for production of same pursuant to 15 U.S.C. § 1118.

    III.    Requiring Defendants to pay to Otter Products such damages for all of Defendants' profits derived from their unlawful conduct and/or Otter Products' lost profits from sales of genuine goods due to Defendants' infringement, counterfeiting, false designation of origin, unfair competition trebled to the full extent provided under Sections 35(a) and 35(b) of the Lanham Act, 15 U.S.C. § 1117(a)-(b), or alternatively, statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c) of the Lanham Act.

    IV.    Ordering that Defendants compensate Otter Products for the costs of this action, reasonable attorneys' fees, investigative fees and pre-judgment interest according to 15 U.S.C. § 1117(b).

    V.    Directing that this Court retain jurisdiction of this action for the purpose of enabling Otter Products to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

    VI.    Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendants be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Otter Products.

VII.     Awarding to Otter Products such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Otter Products has incurred in connection with this action.

                              **MORRISON & LEE LLP**

Dated: October 25, 2018

Michael Lee
Morrison & Lee LLP
1801 Century Park East
25th Floor
Los Angeles, CA 90067
310.556.9611

Attorneys for Plaintiff Otter Products, LLC