**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ———————————————————— ) | |
| OTTER PRODUCTS, LLC, ) | **CASE NO. 2:18-cv-05969-JFB-GRB** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| BLUE POINT SOLUTIONS NY LLC; ) | |
| MATKAL LLC; YOSEF YOSSI ZAK- ) | |
| LIKOWSKI; "JOHN DOES" 1-10; and ) | |
| UNKNOWN ENTITIES 1-10; ) | |
| ) | |
| Defendants. ) | |
| ————————————————————) | |
| ) | |
| BLUEPOINT SOLUTIONS NY LLC ) | |
| and MATKAL LLC, ) | |
| ) | |
| Counterclaim Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| OTTER PRODUCTS, LLC, and ) | |
| TREEFROG DEVELOPMENTS, INC., ) | |
| (d/b/a LIFEPROOF), ) | |
| ) | |
| Counterclaim Defendants. ) | |
| ————————————————————) | |

**AMENDED ANSWER, AFFIRMATIVE DEFENSES, AND AMENDED**
**COUNTERCLAIMS OF DEFENDANTS, BLUEPOINT SOLUTIONS NY LLC,**
**MATKAL LLC, AND YOSEF YOSSI ZAKLIKOWSKI**

The Defendants, Bluepoint Solutions NY LLC ("Bluepoint"), Matkal LLC ("Matkal"),

and Yosef Yossi Zaklikowski ("Mr. Zaklikowski") (collectively "Defendants"), hereby respond

as follows to the allegations of the Plaintiff's Complaint.

## STATEMENT OF THE CASE

1.      This is an introductory paragraph that does not make any formal allegations.  To the extent a response is necessary, the Defendants deny all allegations.

2.      The Defendants deny the allegations of this paragraph of the Complaint.

## JURISDICTION AND VENUE

3.      The allegation that this Court has jurisdiction over the claims asserted in this action states a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is necessary, the Defendants admit this Court has subject matter jurisdiction regarding the claims in the Complaint.

4.      The Defendants deny they have committed any wrongful acts but admit the Court has personal jurisdiction over them regarding the allegations set forth in the Complaint.

5.      The Defendants deny they have committed any wrongful acts but admit the Court has personal jurisdiction over them.

6.      Admitted.

## PARTIES

7.      The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

8.      The Defendants admit that Bluepoint is a Delaware limited liability company with a principal place of business at 111 Hempstead Turnpike, West Hempstead, NY 11552.

9.      The Defendants admit that Matkal is a Delaware limited liability company with a principal place of business at 111 Hempstead Turnpike, West Hempstead, NY 11552.

10.    The Defendants admit Mr. Zaklikowski is an individual but deny he resides at the referenced address.

11.    The Defendants state the allegations contained in this paragraph of the Complaint state legal conclusions to which no response is required.  The Defendants admit only that Mr. Zaklikowski is a member of Bluepoint and Matkal.

12.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

## FACTUAL ALLEGATIONS

### A.  Otter Products' Famous Products and Trademarks

13.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

14.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

15.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

16.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

17.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

18.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

19.     The allegation contained in Paragraph 19 of the Complaint that the Otter Products Registered Trademarks qualify as famous marks pursuant to 15 U.S.C. § 1125(c)(1) states a legal conclusion and, therefore, requires no response by the Defendants.  Regarding the remainder of Paragraph 19, the Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, leave the Plaintiff to its proof.

**B.  Defendants' Illegal Activities**

20.     The Defendants deny the allegations contained in this paragraph of the Complaint.

21.     The Defendants admit only that they are lawfully selling Otter Products merchandise.  The Defendants deny the remaining allegations contained in this paragraph of the Complaint.

22.     The Defendants admit only that they have been lawfully selling Otter Products merchandise on www.eBay.com ("eBay") and www.Amazon.com ("Amazon") websites.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof.

23. The Defendants admit only that Bluepoint has sold an "Otter Box Defender Series Case for iPhone X (Only) – Black" on the Amazon website. The Defendants deny the remaining allegations of this paragraph of the Complaint.

24. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof except that the Defendants admit only that the return address on their packages from time to time indicates shipping from Matkal LLC, 111 Hempstead Turnpike, 3rd Floor, West Hempstead, NY 11552.

25. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof but deny they sold counterfeit Otter Products or infringed any registered trademarks of the Plaintiff.

26. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiff to its proof. Further answering, the Defendants state that Mr. Zaklikowski previously lived at the identified address and that in 2015 Mr. Zaklikowski did not sell products individually. Further answering, the Defendants state negative feedback is a frequent occurrence when selling products on eBay or Amazon and is by no means indicative of knowledge of alleged counterfeit goods.

27. The Defendants deny the allegations contained in this paragraph of the Complaint. Further answering, the Defendant state Mr. Zaklikowski is principally involved in purchasing and strategic decisions for Matkal and Bluepoint.

28. The Defendants deny the allegations contained in this paragraph of the Complaint.

29.     The Defendants deny the allegations contained in this paragraph of the Complaint.

30.     The Defendants deny the allegations contained in this paragraph of the Complaint.

31.     The Defendants deny the allegation contained in this paragraph of the Complaint. Further answering, the allegation that this qualifies as an exceptional case under 15 U.S.C. § 1117(a) states a legal conclusion and, therefore, no response is required by the Defendants. To the extent a response is required, the Defendants deny the Plaintiff's claims qualify as exceptional case under 15 U.S.C. § 1117(a).

32.     The Defendants deny the allegation contained in this paragraph of the Complaint.

33.     The allegation contained in this paragraph of the Complaint states a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegation contained in this paragraph of the Complaint.

34.     The Defendants deny the allegations contained in this paragraph of the Complaint.

### FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

35.     The Defendants repeat and incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

36.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

37.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

38.     The allegation contained in this paragraph of the Complaint states a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegation contained in this paragraph of the Complaint.

39.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

40.    The allegations contained in this paragraph of the Complaint state a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth in this paragraph of the Complaint.

## <u>SECOND CLAIM FOR RELIEF</u>
### (Trademark Infringement, 15 U.S.C. § 1114)

41.    The Defendants repeat and incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

42.    The allegations contained in this paragraph of the Complaint state a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth in this paragraph of the Complaint.

43.    The allegations contained in this paragraph of the Complaint state a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations set forth in this paragraph of the Complaint.

44.    The allegation contained in this paragraph of the Complaint states a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegation contained in this paragraph of the Complaint.

45.    The Defendants deny the allegations set forth in this paragraph of the Complaint.

46.    The Defendants deny the allegations set forth in this paragraph of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition, False Designation of Origin & False Description, 15 U.S.C. § 1125(a))

47.     The Defendants repeat and incorporate herein by reference their answers to the allegations contained in Paragraphs 1 through 34 of the Complaint as if fully set forth herein.

48.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

49.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

50.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

51.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

52.     The Defendants deny the allegations set forth in this paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by first sale doctrine.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, under the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, under the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, under the doctrine of *in pari delicto*.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's action is barred, in whole or in part, under the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

Any damage alleged by Plaintiff was the result of its own conduct, for which the Defendants bear no legal responsibility.

## TENTH AFFIRMATIVE DEFENSE

Any damage alleged by Plaintiff was caused by the acts of another for which the Defendants bear no legal responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damage alleged by Plaintiff was due to one or more superseding or intervening causes, for which the Defendants bear no legal responsibility.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to damages to the extent it failed to mitigate its damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because if infringement of any kind occurred, it was innocent infringement.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are estopped, as they are wholly unsubstantial and frivolous, and brought in bad faith as an anti-competition device against the Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate that it has trademark rights in the marks at issue distinctive enough to merit protection, or that Defendants' usage of said marks is likely to cause consumer confusion as to the origin of the goods offered.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendants did not engage in any knowing, intentional, or willful acts of infringement.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants' claims are barred because the products at-issue originated from, were manufactured for, or were otherwise made with the authorization of Plaintiff.

## EIGTEENTH AFFIRMATIVE DEFENSE

Defendants acted in good faith always and reasonably relied on its belief as to the authenticity of the products at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any further defenses as may become apparent during the discovery of this action.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants, Bluepoint, Matkal, and Mr. Zaklikowski, seek the following relief:

1.      Entry of Judgment dismissing Plaintiff's claims in their entirety;

2.      Denial of Plaintiff's requests for relief;

3.      Award Defendants, Bluepoint, Matkal, and Mr. Zaklikowski, their costs and attorneys' fees incurred in defending against this action; and

4.      Any other relief this Court deems appropriate.

**AMENDED COUNTERCLAIMS OF DEFENDANTS BLUEPOINT SOLUTIONS
NY LLC AND MATKAL LLC AGAINST OTTER PRODUCTS, LLC, AND
TREEFROG DEVELOPMENTS, INC. (d/b/a LIFEPROOF)**

For its amended counterclaims against Otter Products, LLC ("OtterBox") and TreeFrog Developments, Inc. d/b/a LifeProof ("LifeProof"), Bluepoint Solutions NY LLC ("Bluepoint") and Matkal LLC ("Matkal" and, with Bluepoint, collectively, "Counterclaimants"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a Counterclaim for a declaration that Counterclaimants are authorized, pursuant to the First Sale Doctrine, to sell legitimate, authentic OtterBox and LifeProof products. This Counterclaim also seeks damages arising out of the illegal attempts of OtterBox and LifeProof to interfere with Counterclaimants' lawful business practices and relationships with customers, prospective customers, and on-line sales channels.

## PARTIES

2.      Counterclaim Plaintiff, Bluepoint Solutions NY LLC, is a Delaware limited liability company authorized to do business in the State of New York with a principal place of business at 111 Hempstead Turnpike, West Hempstead, Nassau County, NY 11552.  Among other activities, Bluepoint purchases items for resale and sells those products through platforms including the Amazon Marketplace and eBay.

3.      Counterclaim Plaintiff, Matkal LLC, is a Delaware limited liability company authorized to do business in the State of New York with a principal place of business at 111 Hempstead Turnpike, West Hempstead, Nassau County, NY 11552.

4.     Counterclaim Defendant, OtterBox, is, on information and belief, a limited liability company duly organized and existing under the laws of the State of Colorado, with its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

5.     Counterclaim Defendant, LifeProof, is, on information and belief, a limited liability company duly organized and existing under the laws of the State of Colorado, with its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.   On information and belief, LifeProof is a subsidiary of OtterBox, having been acquired by OtterBox in May 2013.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the federal claims in this action under the Trademark Laws of the United States, Lanham Act Sections 32, 39, 43(a), 43(c)(1), 15 U.S.C. §§ 1114, 1121, and 1125(a)(c)(1), and the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b).

7.     This Court has personal jurisdiction over OtterBox and LifeProof pursuant to New York Civil Practice Law § 302(a)(3)(1), as OtterBox and LifeProof have committed tortious acts causing injury within the State of New York, such that OtterBox and LifeProof expect or should reasonably expect their actions to have consequences within the State of New York.  The State of New York's personal jurisdiction over OtterBox and LifeProof extends to this Court pursuant to Federal Rule of Civil Procedure 4(k)(1).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this judicial district, and Counterclaimants do business within this judicial district.

9.    By this Counterclaim, Counterclaimants seek a declaratory judgment affirming their right under the law to continue purchasing and selling authentic OtterBox and LifeProof products without further interference from OtterBox and LifeProof.  Counterclaimants also seek damages arising out of the illegal attempts of OtterBox and LifeProof to interfere with Counterclaimants' lawful business practices.

### FACTS

10.    On information and belief, OtterBox and LifeProof manufacture products bearing various trademarks.

11.    As part of their business, Counterclaimants purchase authentic products from direct distribution sources and sell those items through platforms including the Amazon Marketplace and eBay.

12.    Products purchased by Counterclaimants and referenced in the preceding paragraph are vetted by Counterclaimants for authenticity before being sold.

13.    Counterclaimants have purchased products bearing OtterBox and LifeProof trademarks and resold those OtterBox and LifeProof products on platforms including the Amazon Marketplace and eBay.

14.    Any OtterBox or LifeProof products purchased by Counterclaimants were purchased from direct distribution sources and vetted for authenticity before being sold to consumers or other third-parties.

15.    Counterclaimants are entitled to purchase and resell items bearing trademarks of companies such as OtterBox and LifeProof pursuant to the First Sale Doctrine.

16.    On August 17, 2018, Bluepoint received correspondence from Amazon.com, via OtterBox, notifying Bluepoint of a report that it was listing allegedly counterfeit products.  In

that correspondence, Amazon.com indicated that it had removed the allegedly counterfeit products from its site and that it would only allow Bluepoint to list the products if OtterBox issued a retraction of its complaint against Bluepoint.

17. On August 17, 2018, Bluepoint contacted OtterBox directly, asking that OtterBox prove that the allegedly counterfeit products were not authentic. See Exhibit A. Further, Bluepoint stated that Bluepoint only purchases products from direct distribution sources, thereby rendering inauthenticity impossible. See Exhibit A. Counsel for OtterBox refused to provide proof of the products' inauthenticity.

18. On information and belief, OtterBox has ordered over 7000 products from Bluepoint over the last couple of years and continues to order them at times daily. On information and belief, LifeProof has made repeated test purchases as well. To Bluepoint's knowledge, all of those are legitimate and authentic OtterBox or LifeProof products. If any are not, which Bluepoint does not admit, they are a tiny subset of the test purchases OtterBox and LifeProof have made. Given the volume of test purchases of authentic products and the unwillingness of the Counterclaim Defendants to provide information about the allegedly inauthentic products, the Counterclaimants believe and therefore allege the Counterclaim Defendants' purpose in raising these allegations is to chill legitimate competition and unlawfully to maintain retail sales prices higher than otherwise would be the case.

19. Amazon.com's removal of the OtterBox products from Bluepoint's Amazon Marketplace account caused Bluepoint to forfeit many sales, lose favorable access to the Amazon Marketplace, and suffer damage to its reputation.

20.     Between August 2018 and October 25, 2018, OtterBox and Counterclaimants, through their counsel, engaged in correspondence regarding OtterBox's allegations of counterfeiting.  The parties were unable to resolve this dispute.

21.     On October 25, 2018, OtterBox filed this suit against the Counterclaimants.  In its Complaint, OtterBox alleged claims of trademark counterfeiting (15 U.S.C. § 1114), trademark infringement (15 U.S.C. § 1114), and unfair competition, false designation of origin and false description (15 U.S.C. § 1125(a)), against Bluepoint, Matkal, and Yosef Yossi Zaklikowski.

22.     On November 12, 2018, Counterclaimants received a cease and desist letter ("the November 12, 2018 Letter") from a different attorney purportedly representing OtterBox and LifeProof.  See Exhibit B.

23.     On information and belief, LifeProof is a subsidiary of OtterBox, having been acquired by OtterBox in May 2013.  On information and belief, LifeProof's principal place of business is located at 209 S. Meldrum Street, Fort Collins, CO 80521, which is also the location of OtterBox's principal place of business.

24.     In the November 12, 2018 Letter, counsel for OtterBox and LifeProof acknowledged the existence of this litigation in the Eastern District of New York.  See Exhibit B.

25.     Additionally, counsel claimed that Counterclaimants' sales are unlawful because they are not authorized resellers, and because the products Counterclaimants are selling are allegedly materially different from genuine OtterBox products.  See Exhibit B.

26.     Counsel demanded that Counterclaimants remove all OtterBox items from the Amazon Marketplace and other sites and stop selling all OtterBox items, or else face a second lawsuit. See Exhibit B.

27.     The claims against the Counterclaimants lack a basis in fact.  The claims threatened against the Counterclaimants in the November 12, 2018 Letter rest on the same fundamental misunderstanding of a party's resale rights, including under the First Sale Doctrine. Counterclaimants are entitled to sell and to continue to sell OtterBox and LifeProof products, including those specifically referenced in the Complaint in this case and those identified in the November 12, 2018 Letter, that it acquires in commerce without interference by OtterBox or LifeProof, whether through complaints to Amazon, threats of litigation, or otherwise.

### FIRST CAUSE OF ACTION
**(Declaratory Judgment)**
**(All Counterclaim Defendants)**

28.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 27 of this Counterclaim as if fully set forth herein.

29.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Counterclaimants seek a determination of the parties' respective rights and obligations regarding the purchase, distribution, marketing and resale of items bearing OtterBox or LifeProof trademarks.

30.     An actual controversy has arisen between Counterclaimants and both OtterBox and LifeProof, arising out of Counterclaimants' purchase, distribution, marketing, and resale of Otterbox and LifeProof products and because of OtterBox's filing of this suit and the allegations and threats of litigation by OtterBox and LifeProof in the November 12, 2018 Letter.  A declaration from this Court of the respective rights and obligations of the parties is necessary to clarify their respective future rights and obligations.

31.     Counterclaimants accordingly seek a declaration, inter alia, that their purchase, marketing, and resale of products manufactured by, for, originating from, or authorized by, Otterbox or LifeProof, is permissible, proper, and lawful.

## SECOND CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Advantage)
### (All Counterclaim Defendants)

32.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 31 of this Counterclaim as fully set forth herein.

33.     OtterBox and LifeProof were and are aware of Counterclaimants' existing and prospective relationships with third-party retailers and consumers in the marketplace.

34.     The calculated, coordinated efforts of OtterBox and LifeProof to block and to interfere with Counterclaimants' lawful activities was intentional, willful, and malicious, and it was done with improper motive or means, to interfere with Counterclaimants' advantageous relations with third-party retailers and consumers in the marketplace.

35.     Counterclaimants have been damaged by OtterBox's and LifeProof's interference with their prospective economic advantage in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349)
### (All Counterclaim Defendants)

36.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 35 of this Counterclaim as fully set forth herein.

37.     The wrongful conduct of OtterBox and LifeProof, including but not limited to their baseless intimidation tactics, the filing of this case, and the November 12, 2018 Letter, constitute materially deceptive trade practices under New York General Business Law § 349.

38.     This wrongful conduct was consumer-oriented within the meaning of Section 349, as it is the intention of OtterBox and LifeProof to eliminate Counterclaimants from the marketplace, thereby harming consumers.   Indeed, the Complaint identifies one of OtterBox's major goals is to eliminate businesses who sell legitimate OtterBox products at prices lower than OtterBox would desire.

39.     Because of the deceptive conduct described above, Counterclaimants have been and will continue to be damaged both monetarily and in ways that are difficult to remedy through money judgment.   The actions of OtterBox and LifeProof entitle Counterclaimants to relief under Section 349.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, the Counterclaimants respectfully requests that the Court:

1.     Enter a declaratory judgment in Counterclaimants' favor as to Count I of this Counterclaim, declaring that Counterclaimants have the lawful right to purchase, distribute, market, and resell products manufactured by or for, originating from, or authorized by Otterbox or LifeProof, and enjoining Otterbox and LifeProof, their affiliates, and all those acting in concert with them from interfering with such lawful activities;

2.     Enter a declaratory judgment in Counterclaimants' favor declaring that Counterclaimants have not infringed any valid trademarks of Otterbox, LifeProof, or their affiliates;

3.     Enter an injunction in Counterclaimants' favor enjoining Otterbox, LifeProof, their affiliates, and all those acting in concert with them from interfering with Counterclaimants' customer and business relations in connection with

Counterclaimants' purchase, distribution, marketing, and resale of Otterbox and LifeProof products;

4.     Declare this case exceptional and award Counterclaimants their attorneys' fees pursuant to 15 U.S.C. § 1117(a);

5.     Enter judgment as to Counts II and III of this Counterclaim, awarding Counterclaimants compensatory damages in an amount to be determined at trial;

6.     Award Counterclaimants their costs, expenses, and legal fees associated with this action; and

7.     Award Counterclaimants such other and further relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Counterclaimants hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

BLUEPOINT SOLUTIONS NY
LLC, MATKAL LLC AND YOSEF YOSSI
ZAKLIKOWSKI

By their attorneys,

/s/ David A. Yearwood
David Yearwood, Esq.
david.yearwood@arentfox.com
ARENT FOX LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
Tele: (212) 484-3900
Fax: (212) 484-3990

/s/ Dustin F. Hecker
Dustin F. Hecker (*Pro Hac Vice to be filed*)
dustin.hecker@arentfox.com
ARENT FOX LLP
The Prudential Tower
800 Boylston St.
Boston, MA  02199-8004
Tele: (617) 973-6100
Fax: (617) 367-2315

Dated:  January 9, 2019                    *Counsel for Defendants and Counterclaimants*