**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

OTTER PRODUCTS, LLC,                                              Case No. 18-cv-05969(JFB)(GRB)

                        Plaintiff,

v.

BLUE POINT SOLUTIONS NY LLC; MATKAL LLC;          **JOINT MOTION TO**
YOSEF YOSSI ZAK-LIKOWSKI; "JOHN DOES" 1-          **CONSOLIDATE ACTIONS**
10; and UNKNOWN ENTITIES 1-10,                    **AND FOR LEAVE TO FILE**
                                                  **AMENDED COMPLAINT**
                        Defendants.

-----------------------------------------------------------------X

BLUEPOINT SOLUTIONS NY LLC and
MATKAL LLC,

                        Counterclaim Plaintiffs,

v.

OTTER PRODUCTS, LLC and TREEFROG
DEVELOPMENTS, INC., (d/b/a LIFEPROOF)

                        Counterclaim Defendants.

-----------------------------------------------------------------X

Pursuant to Fed. R. Civ. P. 15(a)(2) and 42(a)(2), Plaintiff and Counterclaim Defendants

Otter Products, LLC ("Otter") and TreeFrog Developments, Inc. ("TreeFrog") (collectively,

"Plaintiffs") and Defendants and Counterclaim Plaintiffs Blue Point Solutions NY LLC ("Blue

Point"), Matkal LLC ("Matkal"), and Yosef Yossi Zaklikowski ("Zaklikowski") (collectively,

"Defendants"), hereby jointly move the Court to:

(1) Consolidate this action with *Otter Products, LLC and TreeFrog Developments, Inc. v.*

*Blue Point Solutions NY LLC, Matkal LLC, Yosef Yossi Zak-Likowsi, and John Does*

*1-10*, Case No. 2:19-cv-01537-JFB-GRB (E.D.N.Y.), which was recently transferred

to this Court from the United States District Court for Colorado; and

(2) Grant leave for Plaintiffs to file an amended complaint so that all the parties' claims can be brought in this action.

I.    **BACKGROUND**

**A. The Present Action**

Otter filed this case against Defendants on October 25, 2018, asserting claims for trademark counterfeiting; trademark infringement; and unfair competition, false designation of origin & false description. Doc. 1.

On December 26, 2018, Defendants filed an answer to the complaint and Blue Point and Matkal filed counterclaims against Otter, asserting claims for declaratory judgment, intentional interference with prospective economic advantage, and unfair and deceptive business practices. Doc. 11.  On January 9, 2019, Defendants filed an amended answer and Blue Point and Matkal filed amended counterclaims against Otter and TreeFrog asserting the same claims that had been previously asserted against Otter.  Doc. 14.  Otter and TreeFrog have both filed an answer to the amended counterclaims.  Docs. 16 & 27.

**B. The Other Action, Case No. 2:19-cv-01537-JFB-GRB**

On December 5, 2018, Plaintiffs filed an action against Defendants in the United States District Court for Colorado, asserting claims for trademark infringement, false advertising, unfair competition, trademark dilution, common law trademark infringement, unfair and deceptive trade practices, and tortious interference with contract and business relations.  *Otter Products, LLC, et al. v. Blue Point Solutions NY LLC, et al.*, Case No. 1:18-cv-03130 (D. Colo.) at Doc. 1.

On February 15, 2019, Defendants filed an answer to the complaint and Blue Point and Matkal filed counterclaims against Plaintiffs asserting the same claims that they have asserted in this action.  *Id.* at Doc. 19.

On February 15, 2019, Defendants also filed a motion to transfer venue to the United States District Court for the Eastern District of New York. *Id.* at Doc. 16. On March 21, 2019, the Colorado court granted Defendants' motion to transfer venue and transferred the case to the Eastern District of New York. *Id.* at 30.

The case was subsequently transferred and docketed in this Court as case number 2:19-cv-01537-JFB-GRB. *See Otter Products, LLC, et al. v. Blue Point Solutions NY LLC, et al.*, Case No. 2:19-cv-01537-JFB-GRB (E.D.N.Y.). On March 29, 2019, Plaintiffs filed an answer to Defendants' counterclaims. *See id.* at Doc. 36.

### C.  Current Status

Currently, the parties have two cases between them pending in this Court: (1) Case No. 2:18-cv-05969-JFB-GRB; and (2) Case No. 2:19-cv-01537-JFB-GRB. The two cases involve common questions of law and fact.

## II.   THE COURT SHOULD CONSOLIDATE THE ACTIONS.

Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Fed. R. Civ. P. 42(a)(2). *See also Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) ("Rule 42(a) provides that consolidation is acceptable '[w]hen actions involving a common question of law or fact are pending before the court.'"). Rule 42(a) should be "'prudently employed'" as "'a valuable and important tool of judicial administration,'" invoked to "'expedite trial and eliminate unnecessary repetition and confusion.'" *Devlin*, 175 F.3d at 130. "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy." *Id.*

Here, consolidation of the two actions is appropriate because the cases involve common questions of law and fact.  Indeed, Defendants have asserted the same counterclaims against Plaintiffs in both actions.  The claims Plaintiffs have asserted in the other action are broader than the claims they have asserted in this action, but a common question in both actions is whether Defendants' sale of products bearing Plaintiffs' trademarks is unlawful.

Consolidation of the two actions would also further judicial economy.  The two cases involve the same parties and are pending before the same judge.  It would be more efficient for the Court and the parties to litigate these two cases as one case instead of two.

Finally, the equities weigh in favor of consolidating the cases because both parties have requested that the cases be consolidated.  Thus, the Court should consolidate the two actions currently pending between the parties.

## III.  PLAINTIFFS SHOULD BE GRANTED LEAVE TO FILE AN AMENDED COMPLAINT.

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleading with the opposing party's written consent.  Fed. R. Civ. P. 15(a)(2).  Here, Defendants have consented to Plaintiffs filing an amended complaint.  Thus, the Court should grant Plaintiffs leave to file an amended complaint.

Granting Plaintiffs leave to file an amended complaint is also appropriate because it will allow Plaintiffs to assert all of their claims against Defendants in one complaint and bring all of the parties' claims under one action, which, again, will further judicial economy.

## IV.  CONCLUSION

For the foregoing reasons, the parties jointly move the Court to (1) consolidate this action with Case No. 2:19-cv-01537-JFB-GRB (E.D.N.Y.); and (2) grant leave for Plaintiffs to file an amended complaint.

Respectfully submitted,

/s/Arryn K. Miner
William D. Kloss, Jr. (Ohio Bar No. 0040854)
Tyler B. Pensyl (Ohio Bar. No. 0080649)
Arryn K. Miner (Ohio Bar No. 0093909)
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43216
Phone: (614) 464-6334
Facsimile: (614) 719-5072
Email: wdklossjr@vorys.com
        tbpensyl@vorys.com
        akminer@vorys.com

Michael Lee
Lee Law PLLC
579 Fifth Avenue
14th Floor
New York, NY 10017
Phone: (212) 621-8239
Email: michael@leelawservices.com

*Attorneys for Plaintiffs Otter Products, LLC and TreeFrog Developments, Inc.*

s/Dustin Hecker (per authority)
David A. Yearwood (DY2853)
Arent Fox LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019
Email: david.yearwood@arentfox.com
Phone: (212) 484-3900
Fax: (212) 484-3990

Dustin Hecker
800 Boylston St.
32nd Floor
Boston, MA 02199
Email: dustin.hecker@arentfox.com
Phone: 617-973-6100
Fax: 617-367-2315

*Attorneys for Defendants Blue Point Solutions NY LLC, Matkal LLC, and Yosef Yossi Zaklikowski*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and will be served on all counsel of record.

_/s/Arryn K Miner_
Arryn K. Miner (0093909)