**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

_____

OTTER PRODUCTS, LLC and )
TREEFROG DEVELOPMENTS, INC., )
)
    Plaintiffs, )
)
    v. )
)
BLUE POINT SOLUTIONS NY LLC, )
MATKAL LLC, )
YOSEF YOSSI ZAK-LIKOWSKI, and )
JOHN DOES 1-10, individually or as )
corporate/business entities, )
)
    Defendants. )
_____)
)
BLUE POINT SOLUTIONS NY LLC )
and MATKAL LLC, )
)
    Counterclaim Plaintiffs, )
)
    v. )
)
OTTER PRODUCTS, LLC, and )
TREEFROG DEVELOPMENTS, INC., )
(d/b/a LIFEPROOF), )
)
    Counterclaim Defendants. )
_____)

CASE NO. 2:18-cv-05969-JFB-GRB

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS,
BLUE POINT SOLUTIONS NY LLC, MATKAL LLC, AND YOSEF ZAKLIKOWSKI**

The Defendants, Blue Point Solutions NY LLC ("Blue Point"), Matkal LLC ("Matkal"),

and Yosef Zaklikowski ("Mr. Zaklikowski") (collectively "Defendants"), hereby respond as

follows to the allegations of the Plaintiffs' Complaint.

While it is not numbered, the Defendants note that the introductory paragraph does not make any formal allegations. To the extent a response is deemed necessary, the Defendants deny all allegations.

## PARTIES, JURISDICTION, AND VENUE

1.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

2.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

3.     The Defendants deny that Blue Point's principal place of business is located in West Hempstead, New York. The Defendants admit the remaining allegations in this paragraph of the Complaint.

4.     The Defendants deny that Matkal's principal place of business is located in West Hempstead, New York. The Defendants admit the remaining allegations in this paragraph of the Complaint.

5.     The Defendants deny that Mr. Zaklikowski resides in Brooklyn, New York. The allegation that Mr. Zaklikowski directs, controls, ratifies, participates in, and is the moving force behind any alleged unlawful behavior is a conclusion of law to which the Defendants need not respond. The Defendants admit only that Mr. Zaklikowski is a member of Matkal and Blue Point, which operates and does business as Blue Point on the Amazon Marketplace.

6.     The Defendants admit only that Mr. Zaklikowski is a member of Matkal and Blue Point. The remaining allegations in this paragraph are conclusions of law to which the Defendants need not respond.

7. The Defendants only admit that Mr. Zaklikowski is a defendant in this case. The remaining allegations in this paragraph are conclusions of law to which the Defendants need not respond.

8. The allegations in this paragraph are conclusions of law to which the Defendants need not respond.

9. The allegation that Mr. Zaklikowski directs, controls, ratifies, participates in, or is the moving force behind any alleged unlawful behavior is a conclusion of law to which the Defendants need not respond. The Defendants admit only that Mr. Zaklikowski is a member of Matkal and Blue Point, which operates and does business as Blue Point on the Amazon Marketplace. To the extent a response is deemed necessary, the Defendants deny the remaining allegations contained in this paragraph of the Complaint.

10. The allegations in this paragraph of the Complaint are conclusions of law to which the Defendants need not respond. The Defendants admit only that Mr. Zaklikowski is a member of Matkal and Blue Point. To the extent a response is deemed necessary, the Defendants deny the remaining allegations contained in this paragraph of the Complaint.

11. The allegations of this paragraph of the Complaint do not pertain to the Defendants, such that no response is required. To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

12. The allegation that this Court has subject matter jurisdiction over this matter states a legal conclusion and, therefore, requires no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

13. The allegation that this Court has personal jurisdiction over the Defendants because of their residency in New York or because of alleged actions in New York states a legal

conclusion and, therefore, requires no response by the Defendants. To the extent a response is deemed necessary, the Defendants admit they have transacted business in New York. Defendants deny the remaining allegations contained in this paragraph of the Complaint.

14. The allegation that venue is proper in this District and in this Division pursuant to 28 U.S.C. § 1391(b)(2)-(3) states a legal conclusion and, therefore, requires no response by the Defendants. To the extent a response is deemed necessary, the Defendants admit that if there is jurisdiction over one or more of them in New York, venue is proper in this District and Division.

## FACTUAL ALLEGATIONS

15. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

16. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

17. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

18. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

19. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

20.     The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

21.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

22.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

23.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

24.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

25.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

26.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

27.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

28.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

29.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

30.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

31.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

32.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that the same studies show that Amazon itself has been found to have sold counterfeit goods, such that any counterfeit issue is not limited to "third parties."

33.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

34.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Defendants deny they are "diverters."

35.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

36.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

37.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. The allegation contained in this paragraph of the Complaint regarding counterfeit product states a legal conclusion and, therefore, requires no response by the Defendants.

38.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

39.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

40.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

41.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

42.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Defendants deny neither Matkal nor Blue Point is authorized to sell Otter Products.

43.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

44.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

45.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

46.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of

counterfeit goods. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

47. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

48. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

49. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no allegation that the

product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

50.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

51.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

52.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter. Further

answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

53.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

54.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

55.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

56.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

57.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

58.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

59.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

60.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

61.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

62.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the

Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

63. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

64. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods. Further answering, the Defendants state that there is no indication that the transcribed review concerns Otter Products, such that it has no relevance to this matter. Further answering, the Defendants state that there is no allegation that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

65. Defendants admit that Amazon product reviews do not identify the product seller. Defendants deny the remaining allegations set forth in this paragraph of the Complaint.

66. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

67. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

68. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

69. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

70. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

71. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

72. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

73. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

74.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

75.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

76.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants deny the allegation that Otter is unable to address issues with "unauthorized sellers because it does not know who these sellers are[.]"  To the contrary, the Defendants state that their contact information has always been available to Otter, as evidenced by Otter's efforts to intimidate the Defendants into ceasing their legal activities.

77.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

78.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

79.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

80.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

81.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

82.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

83.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

84.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

85.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

86.     The Defendants deny the allegation that they are an "unscrupulous reseller," and they deny the allegation that any party wishing to sell Otter Products online must first be vetted and approved by Otter.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

87.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

88.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

89.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

90.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.  Further answering, the Defendants state that multiple "Authorized Online Resellers" of Otter Products have negative product or seller reviews.

91.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

92.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

93.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

94. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

95. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

96. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

97. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Defendants deny they are not authorized to sell Otter Products.

98. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that Blue Point maintains a seller feedback score at: https://prnt.sc/mdfdkm.

99. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants deny the allegation that "[m]ost sellers who store products in Amazon's warehouses allow their products to be commingled with other sellers' inventory." To the contrary, the Defendants state that they, along with other sellers, take steps to ensure their products are not commingled.

100.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

101.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

102.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

103.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

104.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

105.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants deny the implication that it cannot communicate with "unauthorized resellers," as evidenced by its communications with the Defendants.

106.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

107.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

108.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

109.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Defendants further answer that the text of the Otter Warranty statements speak for themselves and direct the Court to the web pages referenced in this paragraph of the Complaint.

110.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.  Defendants deny they are not authorized to sell Otter Products.

111.    The Defendants deny the allegations contained in this paragraph of the Complaint.

112.    The Defendants deny the allegations contained in this paragraph of the Complaint.

113.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

114.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Otter's monitoring of online listings and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendants deny the allegation that they were illegally selling products bearing Otter Trademarks on Amazon under the storefront name, "Blue Point."

115.     Defendants admit only that they are not OtterBox "Authorized Resellers" of Otter Products, deny they are not authorized to sell Otter Products, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

116.     Defendants admit only that they are not OtterBox "Authorized Online Resellers" of Otter Products, deny they are not authorized to sell Otter Products, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

117.     Admitted, except the Defendants indicated to Otter an intent in exploring same but Otter rejected the inquiry.

118.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "Otter's requirements."

119.     The Defendants deny the allegations contained in this paragraph of the Complaint.

120.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, but deny they do not have adequate credit, sales, history and facilities.

121.     The Defendants deny the allegations contained in this paragraph of the Complaint. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. Defendants deny they have sold fake, knockoff, or poor quality goods.

122.     Defendant Blue Point admits they have sold products bearing the Otter Trademarks on their Amazon and eBay storefronts. Further answering, Defendant Bluepoint admits it currently sells products bearing the Otter Trademarks on their Amazon and eBay storefronts. Defendants Matkal and Zaklikowski deny the allegations contained in this paragraph of the Complaint.

123. The Defendants deny knowledge or information of Otter's alleged quality control requirements and, accordingly, cannot respond to the allegations of this paragraph.

124. The Defendants deny the allegations contained in this paragraph of the Complaint. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.

125. Defendant Bluepoint admits only that it has been subjected to negative reviews about products it has sold on the Amazon Marketplace, which have included Otter Products. Further answering, Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.

126. The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

127. The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

128.     The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

129.     The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

130.     The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

131.     The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

132.     The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

133.     The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that

it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

134. The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.

135. The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

136. The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit or used goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was "used," the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in

this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

137.    The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

138.    The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good, sold illegally or "stolen," the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

139.    The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of "used" or counterfeit goods. To the extent a response is deemed necessary

to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

140.    The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.  To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.  Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

141.    The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of used or counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter. Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

142.    The Defendants admit the existence of the transcribed review, but state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of used or counterfeit goods.  To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation. Further answering, the Defendants state that there is no indication that the product referenced in this review was sold by any of the Defendants, such that it is of no relevance to this matter.  Further answering, the Defendants state that there is no allegation that the transcribed review concerns Otter Products, such that it has no relevance to this matter.

143.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation.

144.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation.

145.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a

frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.

146.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation.

147.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods. To the extent a response is deemed necessary to the implicit allegation that the reviewed product was a counterfeit good or sold illegally, the Defendants deny that allegation.

148.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

149.    The Defendants deny the allegation that they have sold knockoff, defective, damaged, and poor quality products.  Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.

150.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

151.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

152.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, Defendants deny selling counterfeit products.

153.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, Defendants deny selling counterfeit products.

154.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint regarding what products Plaintiff allegedly received. and, therefore, leave the Plaintiffs to their proof. Further answering, Defendants deny selling "fake" or "counterfeit" products. Further answering, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof

155.    The Defendants deny knowledge or information of Otter's alleged quality control requirements and, accordingly, cannot respond to the allegations of this paragraph.

156.    The Defendants admit only that they have not given Otter an opportunity to vet them to determine if they meet Otter's "high level standards that they demand" of Authorized Online Resellers, because, at least in part, Otter has not asked to do so.  Further answering, the Defendants state that they are legally entitled to sell Otter Products without giving Otter such an opportunity.

157.    The Defendants deny knowledge or information sufficient to admit what Otter's quality control requirements are, but state they do not sell "anonymously," and comply with all

Amazon's requirements. The Defendants deny the remaining allegations in this paragraph of the Complaint.

158. The Defendants admit only that they have not disclosed to Otter where they acquire products bearing Otter Trademarks except to state it is from business Otter has authorized to sell Otter products, but the Defendants state that they are under no legal obligation to do so. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

159. The Defendants deny the allegations contained in this paragraph of the Complaint. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.

160. The Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in this paragraph.

161. The Defendants deny the allegation that they have allowed their inventory stored at Amazon warehouses to be commingled with other sellers' inventory, as evidenced by the Defendants' clearly labeled packaging. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of sales of counterfeit goods.

162. Defendants deny the allegations contained in this paragraph of the Complaint.

163. The Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations concerning Otter's quality controls and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants deny the allegation that they sell products as "new" that have been opened or repackaged. Further answering, the Defendants deny the allegation that they allow products returned to Amazon to be repackaged and placed back into

their inventory as "new" products. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and is by no means indicative of knowledge of alleged counterfeit goods.

164.    The Defendants deny the allegations contained in this paragraph of the Complaint.

165.    The Defendants deny the allegations contained in this paragraph of the Complaint.

166.    The Defendants deny the allegations contained in this paragraph of the Complaint.

167.    The Defendants deny the allegations contained in this paragraph of the Complaint.

168.    The Defendants deny the allegations contained in this paragraph of the Complaint.

169.    The Defendants deny the allegations contained in this paragraph of the Complaint.

170.    The Defendants deny the allegations contained in this paragraph of the Complaint.

171.    The Defendants deny the allegations contained in this paragraph of the Complaint.

172.    The Defendants deny the allegations contained in this paragraph of the Complaint.

173.    The Defendants deny the allegations contained in this paragraph of the Complaint.

174.    The Defendants deny the allegations contained in this paragraph of the Complaint.

175.    The allegations contained in this paragraph of the Complaint state a legal conclusion and, therefore, requires no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

176.    Defendant Bluepoint admits only that it has been lawfully selling products bearing Otter Trademarks through its Amazon storefronts. Answering further, Defendant Bluepoint admits that it has lawfully sold products bearing Otter Trademarks through its Walmart storefront. Defendants Matkal and Zaklikowski deny the allegations contained in this paragraph of the Complaint.

177.	The Defendants deny the allegation that they have advertised and marketed infringing products bearing Otter Trademarks in New York. The Defendants admit only that their advertising and marketing on lawfully sold products bearing Otter Trademarks has reached consumers in New York.

178.	The Defendants deny the allegation that they have accepted and fulfilled orders of infringing products bearing the Otter Trademarks from consumers in New York. The Defendants admit only that their lawful sales of products bearing Otter Trademarks in New York are quite low compared to other states.

179.	The Defendants deny the allegation that they have shipped infringing products bearing the Otter Trademarks to New York.  The Defendants admit only that their shipments of lawfully sold products bearing Otter Trademarks to New York are quite low compared to other states.

180.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

181.	The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Otter's quality controls and, therefore, leave the Plaintiffs to their proof.  Further answering, the Defendant Blue Point denies the allegation that the products it sells bearing OtterBox Trademarks do not come with the OtterBox Warranty.

182.	The allegation that Defendants' sold products are materially different from genuine OtterBox Products because they do not come with the OtterBox Warranty states a legal conclusion and, therefore, no response is required by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

183.     The Defendants deny the allegations contained in this paragraph of the Complaint.

184.     The Defendants deny the allegations contained in this paragraph of the Complaint.

185.     The Defendants admit only that they have been lawfully selling products bearing the OtterBox Trademarks through their Amazon storefront.

186.     The Defendants deny the allegations contained in this paragraph of the Complaint.

187.     The Defendants admit only that the screen shot pasted onto the Complaint appears to be an accurate copy of the standard Amazon presentation for the depicted Otter product.

188.     The Defendants deny the allegations contained in this paragraph of the Complaint.

189.     The Defendants deny the allegations contained in this paragraph of the Complaint.

190.     The Defendants deny the allegation that products bearing Otter Trademarks were ever illegally sold on the Blue Point Amazon or "sayeretmatkal" storefront. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

191.     The Defendants admit only that they received the referenced letter. The content of the letter speaks for itself.

192.     The Defendants deny the allegation that they did not reply to the November 12, 2018 letter.  Further answering, the Defendant Blue Point admits that it continues to lawfully sell products bearing Otter Trademarks on the Blue Point storefront.

193.     The Defendants admit only that they received the referenced letter.  The content of the letter speaks for itself.

194.     The Defendants deny the allegation that they did not reply to the November 29, 2018 letter. Further answering, the Defendants admit that they continued to lawfully sell products bearing Otter Trademarks on the Bluepoint Amazon storefront and the "sayeretmatkal" eBay storefront.

195.     The Defendants deny the allegation that they have at any time engaged in illegal activities in the context of selling products bearing Otter Trademarks.

196.     The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations contained in this paragraph of the Complaint.

197.     The Defendants deny the allegations contained in this paragraph of the Complaint.

198.     The Defendants deny the allegations contained in this paragraph of the Complaint.

199.     The Defendants deny the allegations contained in this paragraph of the Complaint.

200.     The Defendants deny the allegations contained in this paragraph of the Complaint.

201.     The Defendants admit they have purchased Otter products from authorized Otter resellers and/or distributors.

202.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

203.     The Defendants admit only that they received the referenced letters. The content of the letters speaks for itself.

204.     The Defendants admit only that they received the referenced letters.  The content of the letters speaks for itself.

205.     The Defendants admit only that they received the referenced letters. The content of the letter speaks for itself.

206.     The Defendants admit only that they have lawfully acquired and sold Otter Products from Otter's Authorized Resellers.

207.     The Defendants deny the allegations contained in this paragraph of the Complaint.

208.     The Defendants deny the allegations contained in this paragraph of the Complaint.

209.     The Defendants deny the allegations contained in this paragraph of the Complaint.

210.     The Defendants deny the allegations contained in this paragraph of the Complaint.

211.     The Defendants deny the allegations contained in this paragraph of the Complaint.

212.     The Defendants deny the allegations contained in this paragraph of the Complaint.

213.     The Defendants deny the allegations contained in this paragraph of the Complaint.

214.     The Defendants deny the allegations contained in this paragraph of the Complaint.

215.     The Defendants deny the allegations contained in this paragraph of the Complaint.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### 15 U.S.C. §§ 1114 and 1125(a)(1)(a)

216.     The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

217.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

218.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

219.     The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

220.     The Defendants admit only that they have lawfully sold and continue to lawfully sell products bearing Otter Trademarks in interstate commerce.  The Defendants also admit that

they have not obtained Otter's express consent, but the Defendants deny that they are required to do so before selling products bearing Otter Trademarks in interstate commerce.

221.    The Defendants deny the allegations contained in this paragraph of the Complaint.

222.    The Defendants deny the allegations contained in this paragraph of the Complaint.

223.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

224.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

225.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

226.    The Defendants admit only that they sell legitimate Otter products bearing Otter Trademarks. The Defendants deny the remaining allegations in this paragraph of the Complaint.

227.    The Defendants deny the allegations contained in this paragraph of the Complaint.

228.    The Defendants deny the allegations contained in this paragraph of the Complaint.

229.    The Defendants deny the allegations contained in this paragraph of the Complaint.

230.    The Defendants deny the allegations contained in this paragraph of the Complaint.

231.    The Defendants deny the allegations contained in this paragraph of the Complaint.

232.    The Defendants deny the allegations contained in this paragraph of the Complaint.

233.    The Defendants deny the allegations contained in this paragraph of the Complaint.

234.    The Defendants deny the allegations contained in this paragraph of the Complaint.

235.    The Defendants deny the allegations contained in this paragraph of the Complaint.

236.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

237.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

## SECOND CAUSE OF ACTION
### Trademark Counterfeiting 15 U.S.C. § 1114

238.    The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

239.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

240.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

241.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

242.    The Defendants deny the allegations contained in this paragraph of the Complaint.

243.    The Defendants deny the allegations contained in this paragraph of the Complaint.

244.    The Defendants deny the allegations contained in this paragraph of the Complaint.

245.    The Defendants deny the allegations contained in this paragraph of the Complaint.

246. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

247. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

248. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

249. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

250. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

<u>**THIRD CAUSE OF ACTION**</u>
**False Advertising**
**15 U.S.C. § 1125(a)(1)(B)**

251. The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

252. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

253. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

254. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

255. The Defendants admit that they have lawfully used and continue to lawfully sell Otter products that contain Otter Trademarks in interstate commerce. The Defendants also admit that they have not obtained Otter's consent, but the Defendants deny that they were required to do so before advertising, promoting, and selling products bearing Otter Trademarks in interstate commerce.

256. The Defendants admit only that advertising and promotions of the products they sell contain Otter Trademarks and the advertisements have been disseminated to the purchasing public. The Defendants deny that this was or is unlawful.

257. The Defendants admit only that they continue to sell Otter products that contain the OtterBox Trademarks. The Defendants deny all other allegations of this paragraph.

258. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

259. The Defendants deny the allegations contained in this paragraph of the Complaint.

260. The Defendants admit only they are not Authorized Otter Resellers but deny they sell unauthorized Otter products.

261. The Defendants deny the allegations contained in this paragraph of the Complaint.

262. The Defendants deny they falsely advertise the Otter products they sell come with the OtterBox Warranty. Further answering, the Defendants admit only that the standard Amazon product listing for the Amazon FBA program defines a "New" products as including the "original manufacturer's warranty, *if any*." (emphasis added).

263. The Defendants deny the allegations contained in this paragraph of the Complaint.

264. The Defendants deny the allegations contained in this paragraph of the Complaint.

265. The Defendants deny the allegations contained in this paragraph of the Complaint.

266. The Defendants deny the allegations contained in this paragraph of the Complaint.

267. The Defendants deny the allegations contained in this paragraph of the Complaint.

268. The Defendants deny the allegations contained in this paragraph of the Complaint.

269. The Defendants deny the allegations contained in this paragraph of the Complaint.

270. The Defendants deny the allegations contained in this paragraph of the Complaint.

271. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

272. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

**FOURTH CAUSE OF ACTION**
**Unfair Competition**
**15 U.S.C. § 1125(a)**

273.    The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

274.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

275.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

276.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

277.    The Defendants admit that they have lawfully sold and continue to lawfully sell genuine Otter products containing Otter Trademarks in interstate commerce.  The Defendants also admit that they have not obtained Otter's consent, but the Defendants deny that they were required to do so before selling Otter Products containing Otter Trademarks in interstate commerce.

278.    The Defendants deny the allegations contained in this paragraph of the Complaint.

279.    The Defendants deny the allegations contained in this paragraph of the Complaint.

280.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

281.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

282.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

283.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Otter's quality controls and, therefore, leave the Plaintiffs to their proof.  The Defendants deny the allegation that their activities interfere with Otter in any way.

284.    The Defendants deny the allegations contained in this paragraph of the Complaint.

285.    The Defendants deny the allegations contained in this paragraph of the Complaint.

286.    The Defendants deny the allegations contained in this paragraph of the Complaint.

287.    The Defendants deny the allegations contained in this paragraph of the Complaint.

288.    The Defendants deny the allegations contained in this paragraph of the Complaint.

289.    The Defendants deny the allegations contained in this paragraph of the Complaint.

290.    The Defendants deny the allegations contained in this paragraph of the Complaint.

291.    The Defendants deny the allegations contained in this paragraph of the Complaint.

292.    The Defendants deny the allegations contained in this paragraph of the Complaint.

293.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

294.     The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

**FIFTH CAUSE OF ACTION**
**Trademark Dilution**
**15 U.S.C. § 1125(c)**

295.     The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

296.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

297.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

298.     The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

299.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

300.     The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

301.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

302.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

303.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

304.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

305.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

306.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

307.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

308.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

309. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

310. The Defendants admit that they have lawfully sold and continue to lawfully sell Otter products that contain Otter Trademarks in commerce. The Defendants also admit that they have not obtained Otter's consent, but the Defendants deny that they were required to do so before selling Otter Products on the Internet.

311. The Defendants deny the allegations contained in this paragraph of the Complaint.

312. The Defendants deny the allegations contained in this paragraph of the Complaint.

313. The Defendants deny the allegations contained in this paragraph of the Complaint.

314. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

315. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof. Further answering, the Defendants state that negative feedback is a frequent occurrence when selling products online, and it is by no means indicative of sales of counterfeit goods.

316. The Defendants deny the allegations contained in this paragraph of the Complaint.

317. The Defendants deny the allegations contained in this paragraph of the Complaint.

318. The Defendants deny the allegations contained in this paragraph of the Complaint.

319. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

320.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

## SIXTH CAUSE OF ACTION
### Common Law Trademark Infringement

321.    The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

322.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

323.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

324.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

325.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

326.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

327.    The Defendants admit that they have lawfully sold and continue to lawfully sell Otter products that contain Otter Trademarks in interstate commerce. The Defendants also admit

that they have not obtained Otter's consent, but the Defendants deny that they were required to do so before selling Otter Products on the Internet.

328.    The Defendants deny the allegations contained in this paragraph of the Complaint.

329.    The Defendants deny the allegations of this paragraph of the Complaint

330.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

331.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

332.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

333.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Otter's quality controls and, therefore, leave the Plaintiffs to their proof.  The Defendants deny the allegation that their activities interfere with Otter in any way.

334.    The Defendants deny the allegations contained in this paragraph of the Complaint.

335.    The Defendants deny the allegations contained in this paragraph of the Complaint.

336.    The Defendants deny the allegations contained in this paragraph of the Complaint.

337.    The Defendants deny the allegations contained in this paragraph of the Complaint.

338.    The Defendants deny the allegations contained in this paragraph of the Complaint.

339.    The Defendants deny the allegations contained in this paragraph of the Complaint.

340.    The Defendants deny the allegations contained in this paragraph of the Complaint.

341. The Defendants deny the allegations contained in this paragraph of the Complaint.

342. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

## SEVENTH CAUSE OF ACTION
### Unfair and Deceptive Business Practices
### N.Y. Gen. Bus. Law. § 349

3043 The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

344. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

345. The Defendants deny the allegations contained in this paragraph of the Complaint.

346. The Defendants deny the allegations contained in this paragraph of the Complaint.

347. The Defendants deny the allegations contained in this paragraph of the Complaint.

348. The Defendants deny the allegations contained in this paragraph of the Complaint.

349. The Defendants deny the allegations contained in this paragraph of the Complaint.

350. The Defendants deny the allegations contained in this paragraph of the Complaint.

351. The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants. To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

## EIGHTH CAUSE OF ACTION
### Tortious Interference with Existing and/or Prospective Contracts and Business Relations

352. The Defendants repeat and incorporate herein by reference their answers to the foregoing paragraphs as if fully set forth herein.

353. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

354. The Defendants admit with respect to the allegations contained in this paragraph of the Complaint only that they were generally aware Otter attempts to restrict its Authorized Resellers from selling Otter products to other resellers as a means unlawfully of reducing competition. The Defendants deny all other allegations of this paragraph of the Complaint.

355. Defendant Blue Point admits it has sold Otter Products through the "Blue Point" Amazon storefront and "sayeretmatkal" eBay storefront. Defendants Matkal and Zaklikowski deny the allegations contained in this paragraph of the Complaint.

356. Admitted.

357. Defendant Blue Point admits with respect to the allegations contained in this paragraph of the Complaint only that it has purchased Otter Products from Plaintiffs' Authorized Sellers. Defendants Matkal and Zaklikowski deny the allegations contained in this paragraph of the Complaint.

358. The Defendants admit with respect to the allegations contained in this paragraph of the Complaint only that they were generally aware Otter attempts to restrict its Authorized Resellers from selling Otter products to other resellers as a means unlawfully of reducing competition. The Defendants deny all other allegations of this paragraph of the Complaint.

359. The Defendants admit only that they received the referenced letter. The content of the letter speaks for itself.

360. The Defendants deny the allegations contained in this paragraph of the Complaint.

361. Defendant Matkal admits only that it has lawfully acquired products from Otter's Authorized Resellers and that Defendant Blue Point has sold such products on the Internet.

Defendants Blue Point and Matkal deny the remaining allegations contained in this paragraph of the Complaint. Defendants Zaklikowski denies the allegations contained in this paragraph of the Complaint.

362.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

363.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

364.    The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

365.    The Defendants deny the allegations contained in this paragraph of the Complaint.

366.    The allegations contained in this paragraph of the Complaint state legal conclusions and, therefore, require no response by the Defendants.  To the extent a response is deemed necessary, the Defendants deny the allegations in this paragraph of the Complaint.

367.    The Defendants deny the allegations contained in this paragraph of the Complaint. Defendants have already produced documents disclosing an Authorized Seller from which Defendants obtained Otter Products. Answering further, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph of the Complaint and, therefore, leave the Plaintiffs to their proof.

368.    The Defendants deny the allegations contained in this paragraph of the Complaint.

369.    The Defendants deny the allegations contained in this paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the exhaustion doctrine/first sale doctrine.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of acquiescence.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of waiver.

### EIGTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of *in pari delicto*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, under the doctrine of unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Any damage alleged by Plaintiffs was the result of their own conduct, for which the

Defendants bear no legal responsibility.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damage alleged by Plaintiffs was caused by the acts of another for which the Defendants bear no legal responsibility.

## TWELFTH AFFIRMATIVE DEFENSE

Any damage alleged by Plaintiffs was due to one or more superseding or intervening causes, for which the Defendants bear no legal responsibility.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to damages to the extent they failed to mitigate their damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because if infringement of any kind occurred, it was innocent infringement.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are estopped, as they are wholly insubstantial and frivolous, and brought in bad faith as an anti-competition device against the Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs cannot demonstrate that they have trademark rights in the marks at issue distinctive enough to merit protection, or that Defendants' usage of said marks is likely to cause consumer confusion as to the origin of the goods offered.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are precluded by the doctrine of illegality because, inter alia, the Plaintiffs have violated NY law by purporting to dishonor warranties because their products were sold by Blue Point.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants did not engage in any knowing, intentional, or willful acts of infringement.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because the products at-issue originated from, were manufactured for, or were otherwise made with the authorization of Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants acted in good faith always and reasonably relied on its belief as to the authenticity of the products at issue.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiffs' request for injunctive relief is barred by the lack of any irreparable harm from the purported conduct, if at all, by Defendants. Likewise, to the extent Plaintiffs can demonstrate they have suffered damages from the purported conduct, if at all, by Defendants, such damages are adequately remedied at law.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant Blue Point are precluded due to the presence of disclaimers which provide information to consumers, resolving any issue of consumer confusion as to what is being sold.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because the products at-issue are not intended for a foreign market and are not materially different than the products sold by Plaintiffs and their alleged "Authorized Sellers".

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Plaintiffs are using their trademarks to inappropriately engage in anti-competitive conduct.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any further defenses as may become apparent during the discovery of this action.

## PRAYER FOR RELIEF

WHEREFORE, the Defendants Blue Point, Matkal, and Mr. Zaklikowski seek the following relief:

1.      Entry of Judgment dismissing Plaintiffs' claims in their entirety;

2.      Denial of Plaintiffs' requests for relief;

3.      Award the Defendants their costs and attorneys' fees incurred in defending against this action; and

4.      Any other relief this Court deems appropriate.


## COUNTERCLAIMS OF DEFENDANTS BLUE POINT SOLUTIONS NY LLC AND MATKAL LLC AGAINST OTTER PRODUCTS, LLC, AND TREEFROG DEVELOPMENTS, INC. (d/b/a LIFEPROOF)

For its counterclaims against Otter Products, LLC ("OtterBox") and TreeFrog Developments, Inc. d/b/a LifeProof ("LifeProof"), Blue Point Solutions NY LLC ("Blue Point") and Matkal LLC ("Matkal" and, with Blue Point, collectively, "Counterclaimants"), hereby allege as follows:

## NATURE OF THE ACTION

1.      This is a Counterclaim for a declaration that Counterclaimants are authorized, pursuant to the First Sale Doctrine or otherwise, to sell legitimate, authentic OtterBox and LifeProof products.  This Counterclaim also seeks damages arising out of the illegal attempts of OtterBox and LifeProof to interfere with Counterclaimants' lawful business practices and relationships with customers, prospective customers, and on-line sales channels.

## PARTIES

2.     Counterclaim Plaintiff, Blue Point Solutions NY LLC, is a Delaware limited liability company with a principal place of business in Fort Lauderdale, Florida.

3.     Counterclaim Plaintiff, Matkal LLC, is a Delaware limited liability company with a principal place of business in Fort Lauderdale, Florida.

4.     Counterclaim Defendant, OtterBox, is, on information and belief, a limited liability company duly organized and existing under the laws of the State of Colorado, with its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.

5.     Counterclaim Defendant, LifeProof, is, on information and belief, a Delaware corporation with its principal place of business located at 209 S. Meldrum Street, Fort Collins, CO 80521.  On information and belief, LifeProof is a wholly-owned subsidiary of OtterBox, having been acquired by OtterBox in May 2013.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the federal claims in this action under the Trademark Laws of the United States, Lanham Act Sections 32, 39, 43(a), 43(c)(1), 15 U.S.C. §§ 1114, 1121, and 1125(a)(c)(1), and the Judicial Code of the United States, 28 U.S.C. §§ 1331, 1338(a) and (b).

7.     This Court has personal jurisdiction over OtterBox and LifeProof as OtterBox and LifeProof both transact business within the State of New York and have committed tortious acts causing injury within the State of New York. The State of New York's personal jurisdiction over OtterBox and LifeProof extends to this Court pursuant to Federal Rule of Civil Procedure 4(k)(1).

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to the claims occurred in this judicial district, and Counterclaimants sell products to customers believed to be located within this judicial district.

9.     By this Counterclaim, Counterclaimants seek a declaratory judgment affirming their right under the law to continue purchasing and selling authentic OtterBox and LifeProof products without further interference from OtterBox and LifeProof. Counterclaimants also seek damages arising out of the illegal attempts of OtterBox and LifeProof to interfere with Counterclaimants' lawful business practices.

## FACTS

10.    On information and belief, OtterBox and LifeProof manufacture products bearing various trademarks.

11.    As part of their business, Matkal purchases authentic products from direct distribution sources, and Blue Point sells those items through platforms including the Amazon Marketplace and eBay.

12.    Products purchased by Matkal and sold by Blue Point are vetted by Counterclaimants for authenticity before being sold.

13.    Matkal has purchased products bearing OtterBox and LifeProof trademarks and Blue Point has resold those OtterBox and LifeProof products on platforms including the Amazon Marketplace.

14.    Any OtterBox or LifeProof products purchased by Matkal were purchased from direct distribution sources and vetted for authenticity before being sold by Blue Point to consumers or other third-parties.

15.    Counterclaimants are entitled to purchase and resell items bearing trademarks of companies such as OtterBox and LifeProof pursuant to the First Sale Doctrine.

16. On August 17, 2018, Blue Point received correspondence from Amazon.com, via OtterBox, notifying Blue Point of a report that it was listing allegedly counterfeit products. In that correspondence, Amazon.com indicated that it had removed the allegedly counterfeit products from its site and that it would only allow Blue Point to list the products if OtterBox issued a retraction of its complaint against Blue Point.

17. On August 17, 2018, Blue Point contacted OtterBox directly, asking that OtterBox prove that the allegedly counterfeit products were not authentic. <u>See</u> **Exhibit A**. Further, Blue Point stated that Blue Point only purchases products from direct distribution sources, thereby rendering inauthenticity impossible. <u>See</u> **Exhibit A**. Counsel for OtterBox refused to provide proof of the products' inauthenticity.

18. On information and belief, OtterBox has ordered over 7000 products from Blue Point over the last couple of years. On information and belief, LifeProof has made repeated test purchases as well. To Blue Point's knowledge, all of those are legitimate and authentic OtterBox or LifeProof products. If any are not, which Blue Point does not admit, they are a tiny subset of the test purchases OtterBox and Life Proof have made. Given the volume of test purchases of authentic products and the unwillingness of the Counterclaim Defendants to provide information about the allegedly inauthentic products, the Counterclaimants believe and therefore allege the Counterclaim Defendants' purpose in raising these allegations is to chill legitimate competition and to unlawfully maintain retail sales prices higher than otherwise would be the case.

19. Amazon.com's removal of the OtterBox products from Blue Point's Amazon Marketplace account caused Blue Point to forfeit many sales, lose favorable access to the Amazon Marketplace, and suffer damage to its reputation.

20.     Between August 2018 and October 25, 2018, OtterBox and Counterclaimants, through their counsel, engaged in correspondence regarding OtterBox's allegations of counterfeiting. The parties were unable to resolve this dispute.

21.     On October 25, 2018, OtterBox filed suit against the Counterclaimants in the District Court for the Eastern District of New York.  In its Complaint, OtterBox alleged the Defendants were unlawfully selling Otter products and asserted claims of trademark counterfeiting (15 U.S.C. § 1114), trademark infringement (15 U.S.C. § 1114), and unfair competition, false designation of origin and false description (15 U.S.C. § 1125(a)), against Blue Point, Matkal, and the defendant Yosef Yossi Zaklikowski ("Zaklikowski").

22.     On November 12, 2018, Counterclaimants received a cease and desist letter from a different attorney purportedly representing OtterBox and LifeProof. See **Exhibit B**. That attorney and his firm represent OtterBox and LifeProof in this action.

23.     On information and belief, LifeProof is a subsidiary of OtterBox, having been acquired by OtterBox in May 2013. On information and belief, LifeProof's principal place of business is located at 209 S. Meldrum Street, Fort Collins, CO 80521, which is also the location of OtterBox's principal place of business.

24.     In the November 12, 2018 letter, counsel for OtterBox and LifeProof in this case acknowledged the existence of the previously-filed litigation in the Eastern District of New York.  See **Exhibit B**.

25.     Additionally, counsel claimed that Counterclaimants' sales are unlawful because they are not authorized resellers, and because the products Counterclaimants are selling are allegedly materially different from genuine OtterBox products.  See **Exhibit B**.

26.     Counsel demanded that Counterclaimants remove all OtterBox items from the Amazon Marketplace and other sites and stop selling all OtterBox items, or else face a second lawsuit.  See **Exhibit B**.

27.     On December 5, 2018, the Counterclaim Defendants, through the same attorneys, filed suit against the Counterclaimants in the District Court for the District of Colorado. In its Complaint, the Counterclaim Defendants alleged claims of trademark infringement (15 U.S.C. §§ 1114 and 1125(a)(1)(a)), false advertising (15 U.S.C. § 1125(a)(1)(b)), unfair competition (15 U.S.C. § 1125(a)), trademark dilution (15 U.S.C. § 1125(c)), common law trademark infringement, deceptive trade practices under Colo. Rev. Stat. § 6-1-101 *et seq.*, and tortious interference with contract and business relations, against Blue Point, Matkal, and Zaklikowski. According to the docket of the District of Colorado, the Counterclaim Defendants (or one of them) through the same attorneys and law firm filed at the same time a number of cookie-cutter complaints against other internet sellers.

28.     The claims against the Counterclaimants lack a basis in fact. The claims threatened against the Counterclaimants in the November 12, 2018 letter rest on the same fundamental misunderstanding of a party's resale rights, including under the First Sale Doctrine. Counterclaimants are entitled to sell and to continue to sell OtterBox and LifeProof products, including those specifically referenced in the instant Complaint and those identified in the November 12, 2018 letter, that it acquires in commerce without interference by OtterBox or LifeProof, whether through complaints to Amazon, threats of litigation, or otherwise.

**FIRST CAUSE OF ACTION**
**(Declaratory Judgment)**
**(All Counterclaim Defendants)**

29.     Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 28 of this Counterclaim as if fully set forth herein.

30. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, Counterclaimants seek a determination of the parties' respective rights and obligations regarding the purchase, distribution, marketing and resale of items bearing OtterBox or LifeProof trademarks.

31. An actual controversy has arisen between Counterclaimants and both OtterBox and LifeProof, arising out of Counterclaimants' purchase, distribution, marketing, and resale of OtterBox and LifeProof products and because of Counterclaimants' November 12, 2018 allegations and threats of litigation and the eventual filing of this suit. A declaration from this Court of the respective rights and obligations of the parties is necessary to clarify their respective future rights and obligations.

32. Counterclaimants accordingly seek a declaration, inter alia, that their purchase, marketing, and resale of products manufactured by, for, originating from, or authorized by, OtterBox or LifeProof, is permissible, proper, and lawful.

### SECOND CAUSE OF ACTION
**(Intentional Interference with Prospective Economic Advantage)**
**(All Counterclaim Defendants)**

33. Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 32 of this Counterclaim as fully set forth herein.

34. OtterBox and LifeProof were and are aware of Counterclaimants' existing and prospective relationships with third-party retailers and consumers in the marketplace.

35. The calculated, coordinated efforts of OtterBox and LifeProof to block and to interfere with Counterclaimants' lawful activities was intentional, willful, and malicious, and it was done with improper motive or means, to interfere with Counterclaimants' advantageous relations with third-party retailers and consumers in the marketplace.

36. Counterclaimants have been damaged by OtterBox's and LifeProof's interference with their prospective economic advantage in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(Unfair and Deceptive Business Practices, N.Y. Gen. Bus. L. § 349)**
**(All Counterclaim Defendants)**

37. Counterclaimants incorporate by reference the allegations contained in Paragraphs 1 through 36 of this Counterclaim as fully set forth herein.

38. The wrongful conduct of OtterBox and LifeProof, including but not limited to their baseless intimidation tactics, the filing of this case, and the November 12, 2018 letter, constitute materially deceptive trade practices under New York General Business Law § 349.

39. This wrongful conduct was consumer-oriented within the meaning of Section 349, as it is the intention of OtterBox and LifeProof to eliminate Counterclaimants from the marketplace, thereby harming consumers.

40. Because of the deceptive conduct described above, Counterclaimants have been and will continue to be damaged both monetarily and in ways that are difficult to remedy through money judgment. The actions of OtterBox and LifeProof entitle Counterclaimants to relief under Section 349.

### PRAYER FOR RELIEF

WHEREFORE, the Counterclaimants respectfully request that the Court:

1. Enter a declaratory judgment in Counterclaimants' favor as to Count I of this Counterclaim, declaring that Counterclaimants have the lawful right to purchase, distribute, market, and resell products manufactured by or for, originating from, or authorized by OtterBox or LifeProof, and enjoining OtterBox and LifeProof, their affiliates, and all those acting in concert with them from interfering with such lawful activities;

2.       Enter a declaratory judgment in Counterclaimants' favor declaring that Counterclaimants have not infringed any valid trademarks of OtterBox, LifeProof, or their affiliates;

3.       Enter an injunction in Counterclaimants' favor enjoining OtterBox, LifeProof, their affiliates, and all those acting in concert with them from interfering with Counterclaimants' customer and business relations in connection with Counterclaimants' purchase, distribution, marketing, and resale of OtterBox and LifeProof products;

4.       Declare this case exceptional and award Counterclaimants their attorneys' fees pursuant to 15 U.S.C. § 1117(a);

5.       Enter judgment as to Counts II and III of this Counterclaim, awarding Counterclaimants compensatory damages in an amount to be determined at trial;

6.       Award Counterclaimants their costs, expenses, and legal fees associated with this action; and

7.       Award Counterclaimants such other and further relief as the Court deems just and proper.

<u>**DEMAND FOR TRIAL BY JURY**</u>

Counterclaimants hereby demand a trial by jury on all issues so triable.

Date: May 1, 2019                    ARENT FOX LLP

/s/ *Dustin F. Hecker*
Dustin F. Hecker (admitted *pro hac vice*)
800 Boylston St.
32nd Floor
Boston, MA 02199
E-mail: dustin.hecker@arentfox.com
Phone: 617-973-6100
Fax: 617-367-2315

/s/ *David A. Yearwood*
David A. Yearwood (DY2853)
1301 Avenue of the Americas
42nd Floor
New York, New York 10019
E-mail: david.yearwood@arentfox.com
Phone: (212) 484-3900
Fax: (212) 484-3990

## CERTIFICATE OF SERVICE

I hereby certify that on May 1, 2019, a copy of the **Defendants' Answer, Affirmative Defenses and Counterclaims** was served by electronic mail on the following counsel for Plaintiffs via the Court's electronic filing system:

Michael Lee, Esq.
Lee Law PLLC
579 Fifth Avenue, 14th Floor
New York, NY 10017

William D. Kloss, Jr., Esq.
Tyler B. Pensyl, Esq.
Arryn K. Miner, Esq.
Vorys, Sater, Seymour and Pease LLP
52 East Gay Street
Columbus, Ohio 43216

/s/ *Dustin F. Hecker*
Dustin F. Hecker